IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CLIFFORD CHARLES FOWLER, ) | | |
| Register No. 166478, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4212-CV-C-NKL | |
| ) | | |
| LARRY CRAWFORD, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## REPORT AND RECOMMENDATION

Plaintiff Clifford Charles Fowler, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On July 6, 2006, defendants filed a motion for judgment on the pleadings. Plaintiff filed a response on August 4, and defendants subsequently filed a reply.

Defendants argue that plaintiff's claims alleging retaliatory confiscation of religious items, which occurred on March 14, 2006, must be dismissed, pursuant to 42 U.S.C. § 1997e, for failure to exhaust administrative remedies. Defendants further argue that individual defendants in their official capacities and Missouri Department of Corrections (MDOC) are not persons subject to punitive damages under 42 U.S.C. § 1983.

Plaintiff argues that he can only exhaust such administrative remedies as are available to him and that because MDOC failed to respond to his grievances regarding his religious items being confiscated, his administrative remedies were unavailable and, thus, were exhausted. Plaintiff further argues that the state waives its Eleventh Amendment immunity upon acceptance of The Religious Land Use & Institutionalized Persons Act of 2000 (RLUIPA) funds from Congress and, thus, plaintiff may recover damages, including punitive damages, from MDOC and state officials in their official capacities, if they are found liable under RLUIPA.

*Exhaustion*

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the March 11, 2005 Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. See Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(12) (March 11, 2005). Exhaustion of all administrative remedies as set forth by the MDOC Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison condition claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Upon review, it is clear that plaintiff did not exhaust his claims alleging retaliatory confiscation of religious items. Plaintiff's amended complaint indicates that such items were confiscated on March 14, 2006. Plaintiff filed this lawsuit on July 11, 2005. Clearly, plaintiff did not exhaust those claims which have occurred subsequent to the original filing of his complaint. Because exhaustion of claims prior to filing suit is mandatory, plaintiff's claims alleging retaliatory confiscation of religious items should be dismissed, without prejudice, for failure to exhaust administrative remedies.

*Punitive Damages*

The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacities. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989). Thus, in the instant case, because plaintiff identifies defendants as Missouri Department of Corrections, and Larry Crawford, Steven Long, David Dormire, Arthur Wood, and Robert Joe Gibson in their official capacities only, defendants are immune from suit in federal court on plaintiff's claims for damages under 42 U.S.C. § 1983. To the extent plaintiff argues that punitive damages are available under RLUIPA; defendants' motion for judgment on the pleadings did not seek dismissal of plaintiff's punitive damage claims under RLUIPA, and thus, the court need not address the issue at this time. The court notes, however, that the law is not clearly established as to whether damages would or would not be available under RLUIPA.

*Conclusion*

For the reasons set forth above, defendants' motion for judgment on the pleadings should be granted and plaintiff's claims alleging retaliatory confiscation of religious items dismissed for failure to exhaust administrative remedies, and claims seeking punitive damages against MDOC and defendants in their official capacities dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

IT IS, THEREFORE, RECOMMENDED that defendants' motion for judgment on the pleadings be granted [55]. It is further

RECOMMENDED that plaintiff's claims alleging retaliatory confiscation of religious items be dismissed, without prejudice, for failure to exhaust administrative remedies, and claims seeking punitive damages against MDOC and defendants in their official capacities dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 2nd day of October, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge